Russell N. Jarem (CA SBN 349130)
Russell.Jarem@jacksonlewis.com
Mossamat N. Karim (CA SBN 327911)
Mossamat.Karim@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone:  (949) 885-1360
Facsimile:  (949) 885-1380

Attorneys for Defendant
KASEYA US LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLE WINNINGHOFF, an individual, | Case No.   8:24-cv-1370 |
| Plaintiff, | **DEFENDANT KASEYA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION** |
| v. | |
| KASEYA US LLC; and DOES 1 through 5, inclusive, | [*Filed Concurrently with Civil Cover Sheet; Corporate Disclosure Statement; Declaration of Mossamat N. Karim; Declaration of Jessica Morris; and Request for Judicial Notice*] |
| Defendants. | |
| | Complaint Filed: May 20, 2024 |
| | Trial Date:         None Set |
| | District Judge:    Hon. TBD |
| | Magistrate Judge: Hon. TBD |

Case No. Pending

DEFENDANT KASEYA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant KASEYA US LLC ("Defendant") removes this action from the Orange County Superior Court to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441 and 1446, on the following grounds: there is complete diversity of citizenship between Plaintiff Cole Winninghoff ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of the States of Delaware and Florida; the amount in controversy exceeds $75,000; and the foregoing facts were true when Plaintiff filed the Complaint and remain true now.

## I.      THE STATE COURT ACTION

1.      On May 20, 2024, Plaintiff filed his Complaint against Defendant entitled "*Cole Winninghoff v. Kaseya US LLC*" in Orange County Superior Court, Case Number 30-2024-01400810-CU-OE-NJC ("Complaint"). In the Complaint, Plaintiff asserts the following causes of action: (1) discrimination based on Sex/Gender/Pregnancy status in violation of govt. code section 12940(k); (2) failure to prevent discrimination in violation of govt. code section 12940(k); (3) failure to reimburse work-related expenses in violation of labor code section 2802(a); (4) retaliation in violation of labor code section 1102.5; (5) failure to produce personnel file in violation of labor code section 1198.5; (6) unlawful receipt of wages by employer in violation of labor code section 221; (7) breach of contract/failure to pay wages; (8) waiting time penalties; and (9) termination in violation of public policy.

2.      On March 23, 2024, Plaintiff personally served Defendant with a copy of the Complaint and Summons. A true and correct copy of the documents served on Defendant in this action, including the Summons and Complaint, are attached as "**Exhibit A**." *See* Declaration of Mossamat N. Karim ("Karim Decl.") at ¶ 4.

3.      On June 18, 2024, Defendant filed an Answer in Orange County Superior

1

Court. A true and correct copy of the Answer with its proof of service is attached as "**Exhibit B**." *See* Karim Decl. at ¶ 5.

4. Pursuant to 28 U.S.C. §§ 1446(a), 1447(b), and 1449, a true and correct copy of all pleadings served upon Defendant are attached to this Notice of Removal. *See* Karim Decl. at ¶¶ 3-6. Defendant is informed and believe that **Exhibits A and B** constitute all of the process, pleadings, and orders on file in the State Court action.

## II.  REMOVAL IS TIMELY

5. A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

6. As set forth in Paragraph No. 2 above, Plaintiff first served Defendant with the Summons and Complaint on May 23, 2024. *See* Karim Decl. at ¶ 4. Because Defendant filed this Petition and Notice of Removal within 30 days of that date, removal is timely.

7. Defendant is the only named and served defendant in this action. The consent of any other defendant to removal is, therefore, inapplicable. *See* 28 U.S.C. § 1446(b)(2)(A).

## III.  COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

8. Complete diversity exists between Plaintiff and Defendant.

### A.  Plaintiff is a Citizen of California.

9. For diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). For diversity purposes, an individual's domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[T]he existence

2

DEFENDANT KASEYA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

10. Defendants are informed and believe as alleged by Plaintiff in the Complaint that, at the time this action was commenced, Plaintiff was domiciled in the State of California, and he continues to be. Complaint, ¶ 1. ("Plaintiff COLE WINNINGHOFF … is a male individual residing in Orange County, California.") As such, Plaintiff should properly be construed a citizen of the State of California.

**B.    Defendant is a Citizen of The State of Delaware And Florida.**

11. For removal purposes, a limited liability company ("LLC") is a citizen of all states where its members and/or owners are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

12. Defendant Kaseya US LLC is a limited liability company that is wholly owned by Kaseya, Inc. See Declaration of Jessica Morris ("Morris Decl.") at ¶¶2-5. Kaseya, Inc. is a Delaware corporation with its principal place of business in Florida. (*Id.*)

13. Because Plaintiff is a California citizen, and Defendant is a citizen of Delaware and Florida, complete diversity exists between Plaintiff and Defendant now, and did so when Plaintiff filed the Complaint.[1]

**IV.    THE JURISDICTIONAL MINIMUM IS SATISFIED**

14. The removing defendant need only establish by a preponderance of evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (amount-in-controversy inquiry

---

[1] The citizenship of "doe" defendants is disregarded for removal purposes. (28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *Soliman v. Philip Morris Inc.*, 311 F.3d 966 (9th Cir. 2002) (citizenship of fictitious defendants is irrelevant for removal purposes).)

DEFENDANT KASEYA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

Case No. Pending

in the removal context is not confined to the face of the complaint). The removing defendant meets this burden if it establishes that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez, supra*, 102 F.3d at pp. 403-404.

15.    In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of her claims. *Campbell v. Vitran Express, Inc.,* 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). In furtherance of determining whether the amount in controversy is satisfied, the court may consider the aggregate value of claims for compensatory damages and attorney's fees. *Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199, 202 (1933); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998); *Stokes v. Reeves,* 245 F.2d 700, 702 (9th Cir. 1957).

16.    In determining whether the jurisdictional minimum is met, the court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

17.    As set forth below, it is more likely than not that the amount in controversy in this case exceeds $75,000.[2]

**A.    <u>Lost Earnings and Unpaid Wages.</u>**

18.    Plaintiff seeks to recover lost earnings and specifically pleads that he has suffered, and will continue to suffer. *See* Ex. A, Compl. and Prayer for Relief at ¶ 1.

19.    The court may consider lost earnings calculated from Plaintiff's termination through the anticipated trial date in determining the amount in

---

[2] By estimating the amount Plaintiff might recover if he prevails, Defendant does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

Case No. Pending

DEFENDANT KASEYA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

controversy. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely [the amount] already incurred").

20. When Plaintiff's employment ended in or about April 2024, Plaintiff was a full-time employee (40 hours per week) earning $3,846.16 biweekly. *See* Morris Decl. ¶ 9.

21. Based on the most recent Judicial Caseload Profile obtained from the United States District Courts' website (https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2023/03/31), the median time from filing to trial in a civil matter for the Central District of California is 24.6 months, which would mean the likely trial date in this matter is June 10, 2026. *See* Request for Judicial Notice; **Exhibit C.**

22. Therefore, the amount of lost earnings in controversy here is at least $219,231.12 ($3,846.16 biweekly multiplied by 57 between Plaintiff's alleged termination date of April 2, 2024 and the likely trial date of June 10, 2026.)

23. Assuming Plaintiff takes the matter to trial, and that trial is set for March 2025, Plaintiff's compensatory damages in the form of alleged lost wages alone would exceed $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414, 416-18 (9th Cir. 2018) (holding that the amount in controversy is not limited to damages incurred prior to removal, and that the amount in controversy may include future lost earnings if they are sought by plaintiff in the complaint); *Nevarez v. FedEx Supply Chain Inc.*, 2024 U.S.Dist.LEXIS 30598, at *9 (C.D.Cal. Feb. 21, 2024, No. EDCV 23-2337 JGB (SPx)) (collecting cases and finding that an estimate of a one-year delay between removal and trial is reasonable).

DEFENDANT KASEYA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

Case No. Pending

24.    Any mitigation of Plaintiff's damages is not considered for purposes of evaluating the amount in controversy.  *Walters v. Dollar Tree Distrib.*, 2022 U.S.Dist.LEXIS 83410, at *6 (E.D.Cal. May 6, 2022, No. 2:21-cv-02299-JAM-JDP) ("It is inappropriate for the Court to consider mitigation when assessing the amount in controversy, because 'mitigation of damages is an affirmative defense, and a 'potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction.'"") (quoting *Jackson v. Compass Grp. USA, Inc.*, 2019 U.S.Dist.LEXIS 129001, at *10 (C.D.Cal. July 31, 2019, No. CV 19-4678 PSG (GJS)).)

## B.    Labor Code Violations

25.    As set forth in Plaintiff's Complaint, Plaintiff asserts causes of action for unlawful receipt of wage and claims for penalties under Labor Code sections 203.

### (a)    Failure to Pay all Wages Upon Termination

26.    Labor Code sections 203 provides for penalties to employees when an employer fails to pay all wages due at the time of their termination. Labor Code section 203 provides penalties for a maximum of 30 days. Given Plaintiff's allegations that he was not paid all amounts due to him upon termination, these penalties amount to $11,538.60 ($384.62 per day multiplied by 30 days).

### (b)    Unlawful Receipt of Wage

27.    Plaintiff alleges that "Defendant violated Section 221 by unlawfully and without Plaintiff's consent deducting some $30,000 in previously earned commission wages from Plaintiff's pay." *See* Ex. A, Compl. at ¶ 25.

## C.    Attorney's Fees.

28.    Plaintiff seeks to recover attorneys' fees. *See* Ex. A, Compl. at ¶¶ 11, 17, 22, and 29, and Prayer for Relief, ¶ 5.

29.    When authorized by statute, claims for attorneys' fees are properly considered in determining the amount in controversy. *Galt G/S, supra*, 142 F.3d at pp. 1155-56 (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

DEFENDANT KASEYA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

Case No. Pending

30.    If Plaintiff prevails on his First, Second, Third, Fourth, Fifth, Seventh, Eighth, or Ninth Cause of Action, Plaintiff may recover attorneys' fees. Cal. Govt. Code § 12965(b) (courts may award attorneys' fees to a "prevailing party" in FEHA actions); *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005) ("prevailing party" in FEHA action is entitled to attorneys' fees "absent circumstances that would render the award unjust"). Accordingly, Plaintiff's request for attorneys' fees is properly considered in determining the amount in controversy.

31.    The Court may consider all attorneys' fees that can reasonably be anticipated to be incurred over the life of the case. *Goldberg v. CPC International*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" should be considered for purposes of meeting the amount in controversy requirement); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n. 4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal.").

32.    As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons, supra*, 209 F. Supp. 2d at p. 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages").

33.    Courts in this District have found an hourly rate of at least $525 for employment discrimination cases to be reasonable. *See Vysata v. Menowitz*, No. CV 18-06157 JAK RAO, 2019 WL 6138469, at *3 (C.D. Cal. June 19, 2019) (finding a rate of $575 per hour reasonable in an employment litigation matter); *Finato v. Keith Fink & Assocs.*, No. 2:16-CV-06713-RGK-AJW, 2018 WL 6978116, at *3 (C.D. Cal. Jan. 5, 2018) (finding an hourly rate of $525 per hour to be reasonable); *Andrade v Arby's Restaurant Group, Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (finding

DEFENDANT KASEYA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

Case No. Pending

that a $550 hourly rate was reasonable); *Red v. Kraft Foods Inc.*, 680 F. App'x 597, 599 (9th Cir. 2017) (finding a District court did not err in awarding $550 per hour).

34. Courts in this District have determined that 300 hours is a reasonable estimate for the number of hours to be expended on an employment action through trial. *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (finding an estimate of 300 hours for an employment action through trial to be reasonable); *Melendez v. HMS Host Family Restaurants, Inc.*, No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011) (same).

35. Based on the typical hourly rate for employment counsel in this District and the estimated time to litigate an employment action through trial, Plaintiff has put at least $157,500 in attorneys' fees in controversy (300 hours x $525 per hour).

**D. Emotional Distress.**

36. Plaintiff seeks to recover emotional distress damages. *See* Ex. A, Compl. at ¶¶ 3, 8, 15, and Prayer for Relief ¶ 6.

37. Emotional distress damages are properly considered in calculating the amount in controversy. *Simmons, supra*, 209 F. Supp. 2d at pp. 1031-35 (finding that the plaintiff's alleged income loss of only $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfied the amount in controversy requirement).

38. Although Plaintiff does not state in his Complaint a certain amount for emotional distress damages, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands in complaint did not prevent satisfaction of the amount in controversy).

Case No. Pending

DEFENDANT KASEYA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

39.    The following cases show that in employment discrimination cases, emotional distress damages, alone, are often sufficient to satisfy the amount in controversy requirement. *Bennett v. Alaska Airlines, Inc.*, CV 14-2804 FMO RZX, 2014 WL 1715811, at *3 (C.D. Cal. April 30, 2014) (removing defendant may establish the amount in controversy by reference to jury verdicts in comparable cases):

- *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803 (1999) (upholding $450,000 emotional distress award in a single-plaintiff employment discrimination case where the plaintiff did not even seek treatment from a psychologist or psychiatrist and complained of only moderate symptoms, such as nightmares and stress);

- *Campbell v. Nat'l Passenger Railroad Corp.*, 12 Trials Digest 12th 16, 2009 WL 692094 (N.D. Cal. 2009) (awarding $120,000 in non-economic damages in a wrongful termination case);

- *Anderson v. American Airlines*, 352 F. App'x 182, 183 (9th Cir. 2009) (upholding award of emotional distress damages for $1,000,000 in single-plaintiff employment discrimination case); and

- *Betson v. Rite Aid Corp.*, 34 Trials Digest 14th 9, 2011 WL 3606913 (Super. Ct. L.A. County May 27, 2011) (awarding $500,000 for pain and suffering to employee in discrimination action).

40.    Accordingly, Plaintiff's claims for emotional distress damages can alone exceed **$75,000**.

41.    Without even accounting for the punitive damages, the total amount in controversy is at least **$493,269.72** as demonstrated in the chart below:

/ / /

/ / /

/ / /

/ / /

/ / /

9

DEFENDANT KASEYA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

| Type of Damages/Claim | Amount in Controversy |
| --- | --- |
| Lost Earnings | $219,231.12 |
| Unpaid Commissions | $30,000 |
| Waiting Time Penalties | $11,538.60 |
| Attorneys' Fees | $157,500+ |
| Emotional Distress | $75,000+ |
| **Total** | **$493,269.72**+ |

### E.     Punitive Damages.

42.     Plaintiff seeks to recover punitive damages. *See* Ex. A, Compl. at ¶ 16, and Prayer at ¶ 7. The inclusion of punitive damages further affirms that the amount in controversy requirement is met here.

43.     Punitive damages are also included when determining the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

44.     California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1359 (9th Cir. 1994). An examination of jury awards shows that punitive damages awards, alone, in employment discrimination cases often exceed the $75,000 amount in controversy requirement. *Carter v. CB Richard Ellis*, 19 Trials Digest 6th 2, 2001 WL 34109371 (Orange County Superior Court) ($600,000 award of punitive damages in discrimination case).

45.     Plaintiff's claim for punitive damages, alone, exceeds the requisite $75,000 amount in controversy threshold. *Hurd v. Am. Income Life Ins.*, No. CV-13-

10

DEFENDANT KASEYA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

05205 RSWL-MRW, 2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013) ("Punitive damages…in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum").

46. Therefore, the inclusion of punitive damages further affirms that the amount in controversy requirement is met here.

## V.    SATISFIED OF REQUIREMENTS OF 28 U.S.C. § 1446

47. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

48. This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

49. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by **Exhibits A and B**, which are copies of all process, pleadings, and orders served on Defendant, as well as Defendant's Answer to the Complaint, which was filed in Orange County Superior Court on June 18,2024.

50. In accordance with 28 U.S.C. §1446(b), Defendant's Notice of Removal was filed by Defendant on June 21, 2024, within the thirty-day period from the effective date of service of the Summons and Complaint.

51. In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of the removal of this action to Plaintiff via his counsel, and file a copy of that Notice with the Orange County Superior Court.

52. Defendant is not aware of any other defendants having been named or served with the Complaint in this action.  Accordingly, pursuant to 28 U.S.C. section 1446(b), all named defendants in this action consent to removal.

## VI.    CONCLUSION

53. Because this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

54. In the event this Court has a question regarding the propriety of this

DEFENDANT KASEYA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

Notice, Defendant requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED:  June 21, 2024                    JACKSON LEWIS P.C.


By:  */s/ Russell N. Jarem*
Russell N. Jarem
Mossamat N. Karim

Attorneys for Defendant
Kaseya US LLC

4860-7767-5207, v. 3

DEFENDANT KASEYA US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

Case No. Pending